**BEACH LAW GROUP, LLP**
500 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE: (805) 388-3100
FACSIMILE: (805) 388-3414

Thomas E. Beach - State Bar No. 096321
Sueanne D. Chadbourne - State Bar No. 201461
Molly Loy - State Bar No. 274703
mail@beachlawgroup.com
Attorneys for Defendant,
THE INTERNATIONAL CHRISTIAN CHURCH, INC., a California nonprofit
corporation

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION - LOS ANGELES

| | |
|---|---|
| JANE ROE 6, an individual; and JANE ROE 7, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNATIONAL CHURCHES OF CHRIST, INC., a California nonprofit corporation; THE INTERNATIONAL CHRISTIAN CHURCH, INC., a California nonprofit corporation; HOPE WORLDWIDE, LTD., a Delaware nonprofit corporation; THOMAS ("KIP") McKEAN, an individual; THE ESTATE OF CHARLES "CHUCK" LUCAS; NORTH RIVER CHURCH OF CHRIST, a Georgia nonprofit corporation; AL BAIRD, an individual; ALBERTO SCHIRMER, an individual; ANNA MARIA SCHIRMER, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:23-cv-00999-ODW-PLA<br>Complaint Filed 02/09/2023<br><br>(Related to Case No. 2:22-cv-09467-ODW-PLA)<br><br>Assigned to Hon. Otis D. Wright, II<br>Courtroom 5D<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT, THE INTERNATIONAL CHRISTIAN CHURCH, INC., TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(B)(6) OR, IN THE ALTERNATIVE, TRANSFER VENUE TO THE DISTRICT COURT OF GEORGIA PURSUANT TO 28 U.S.C. §1404(A); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**DATE:  July 31, 2023**<br>**TIME:   1:30 p.m.**<br>**CTRM: 5D** |

///

///

///

///

1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 31, 2023, at 1:30 p.m., or as soon thereafter as the parties may be heard, in Courtroom 5D, the defendant, THE INTERNATIONAL CHRISTIAN CHURCH, INC., a California nonprofit corporation ("ICC"), will move to dismiss the complaint on file in this action or, alternatively, transfer venue of this matter to the District Court of Georgia.

The motion will be made pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) on the grounds that the plaintiffs' Eight Cause of Action is fatally time-barred and fails to state a claim against the moving defendant, and the action of Roe 7 is fatally time-barred under Georgia law and, thus, does not state a federal law claim against the defendant, ICC, for which relief can be granted.

This motion is also made pursuant to 28 U.S.C. § 1404(a) on the grounds that, while venue is presently proper, the interests of the parties and this litigation would be better served if venue were to be transferred to the District Court of Georgia where the incidents occurred, where evidence is located, and where the plaintiffs, assailant, and witnesses operate and reside.

This motion will be based on this notice, the attached memorandum of points and authorities, the pleadings and records on file, and on such further argument and evidence that the defendant may present before or at the time of hearing.

This motion is made following numerous conferences of counsel pursuant to L.R. 7-3 which took place during the months of March 2023 through June 2023. Specifically, during the week of June 19, 2023, upon receipt of the plaintiffs' amended pleading, defense counsel sent multiple e-mail messages and left two voicemail messages for plaintiffs' counsel requesting a further discussion of the amended pleadings.  Ultimately, on June 27, 2023, the parties discussed the pleadings.  During this discussion, plaintiffs' counsel represented that the Eighth

///

///

BEACH LAW GROUP, LLP
500 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE: (805) 388-3100
FACSIMILE: (805) 388-3414

MOTION OF DEFENDANT, THE INTERNATIONAL CHRISTIAN CHURCH, INC., TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TRANSFER VENUE

1   Cause of Action would be dismissed.  However, as of the date of the defendant's

2   filing of the instant motion, no such dismissal has been filed.

3

4   Dated: June 30, 2023          BEACH LAW GROUP, LLP

5

6                                 By:      /s/ Molly Loy

7                                 Thomas E. Beach
                                  Sueanne D. Chadbourne
8                                 Molly Loy
                                  Attorneys for Defendant,
9                                 THE INTERNATIONAL CHRISTIAN
                                  CHURCH, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION OF DEFENDANT, THE INTERNATIONAL CHRISTIAN CHURCH, INC., TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TRANSFER VENUE

BEACH LAW GROUP, LLP
500 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE: (805) 388-3100
FACSIMILE: (805) 388-3414

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................... 5

I.      INTRODUCTION ........................................................................ 8

II.     THE COURT IS AUTHORIZED TO DISMISS THIS ACTION ................. 9

III.    THE PLAINTIFFS' ACTION MAY PROPERLY BE
        DISMISSED FROM FEDERAL COURT ....................................... 9

        A.    The Plaintiffs' Only Federal Claim Is Time-Barred ............... 9

        B.    The Plaintiffs' Only Federal Claim Fails To State A Claim
              Against Moving Defendant ................................................. 11

        C.    Following Dismissal Of Federal Claims, This Federal
              Action May Be Dismissed ................................................. 14

IV.     ALTERNATIVELY, THE PLAINTIFFS' ACTION SHOULD
        BE TRANSFERRED TO GEORGIA ........................................... 15

V.      THE ACTION OF PLAINTIFF ROE 7 SHOULD BE
        DISMISSED AS IT IS TIME-BARRED UNDER GEORGIA
        LAW .......................................................................................... 18

        A.    The Action Of Roe 7 Is Time-Barred Under Applicable
              Georgia Law ....................................................................... 18

        B.    Georgia Law Should Be Applied To This Action ................. 20

VI.     CONCLUSION ......................................................................... 23

BEACH LAW GROUP, LLP
500 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE: (805) 388-3100
FACSIMILE: (805) 388-3414

MOTION OF DEFENDANT, THE INTERNATIONAL CHRISTIAN CHURCH, INC., TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TRANSFER VENUE

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Agency Holding Corp. v. Malley-Duff & Associates, Inc.*,
483 U.S. 143 (1987) ...................................................................................................10

*Anza v. Ideal Steel Supply Corp.*,
547 U.S. 451 (2006) ...................................................................................................12

*Ashland Chemical Co. v. Provence*,
(1982) 129 Cal.App.3d 790 .......................................................................................20

*Bass v. World Wrestling Fed'n Entm't*,
129 F.Supp.2d 491 (N.Y. E.D. 2001) .......................................................................22

*Berg v. First State Ins. Co.*,
915 F.2d 460 (9th Cir. 1990) ..................................................................... 11, 12, 13

*Carnegie-Mellon Univ. v. Cohill*,
484 U.S. 343 (1988) ...................................................................................................14

*Cooper v. Tokyo Electric Power Company, Inc.*,
2019 WL 1017266 (S.D. Cal. 2019) .........................................................................21

*Diaz v. Gates*,
420 F.3d 897 (9th Cir. 2005) .....................................................................................13

*Doe v. Roman Catholic Archbishop of Los Angeles*,
247 Cal.App.4th 953 (2016) ......................................................................................19

*Frame v. City of Arlington*,
657 F.3d 215 (5th Cir. 2011) .......................................................................................9

*Hernandez v. Graebel Van Lines*,
761 F.Supp. 983 (E.D. N.Y. 1991) ...........................................................................18

*Hurtado v. Superior Court*,
11 Cal.3d 574 (Cal. 1974) .........................................................................................20

*In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation*,
785 F.Supp.2d 925 (C.D. Cal. 2011) ........................................................................21

*Kearney v. Salomon Smith Barney, Inc.*,
137 P.3d 914 (Cal. 2006) ...........................................................................................22

*Lehman v. Lucom*,
727 F.3d 1326 (11th Cir. 2013) .................................................................................10

*Lynch v. Vanderhoef Builders*,
237 F.Supp.2d 615 (D.Md. 2002) .............................................................................18

*McCann v. Foster Wheeler, LLC*,
(2010) 48 Cal.4th 68 ...........................................................................................20, 21

*Nesladek v. Ford Motor Co.*,
46 F.3d 734 (8th Cir. 1995) .......................................................................................22

BEACH LAW GROUP, LLP
500 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE: (805) 388-3100
FACSIMILE: (805) 388-3414

MOTION OF DEFENDANT, THE INTERNATIONAL CHRISTIAN CHURCH, INC., TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TRANSFER VENUE

*Notz v. Connecticut Commission on Human Rights and Opportunities,*
  438 F.Supp.3d 148 (D.Conn. 2020) ...................................................... 15

*Offshore Rental Co. v. Continental Oil Co.,*
  22 Cal.3d 157 (Cal. 1978) .................................................................... 20

*Oscar v. Univ. Students Co-Op Ass'n,*
  965 F.2d 783 (9th Cir. 1992) ................................................................ 13

*Osgood v. Discount Auto Parts, LLC,*
  981 F.Supp.2d 1259 (S.D. Fla. 2013) .................................................. 18

*Ove v. Gwinn,*
  264 F.3d 817 (9th Cir. 2001) ................................................................ 14

*Quarry v. Doe,*
  1, 53 Cal.4th 945 (2012) ...................................................................... 19

*Rossi v. Gemma,*
  489 F.3d 26 (C.A.1 2007) ..................................................................... 14

*Sedima, S.P.R.L. v. Imrex Co.,*
  473 U.S. 479 (1985) ............................................................................. 12

*Shroyer v. New Cingular Wireless Services, Inc.,*
  622 F.3d 1035 (9th Cir. 2010) ................................................................ 9

*Somin v. Total Community Management Corp.,*
  494 F.Supp.2d 153 (E.D.N.Y. 2007) ................................................... 15

*Strom v. United States,*
  641 F.3d 1051 (9th Cir. 2011) ................................................................ 9

*Tankel v. Seiberling Rubber Co.,*
  95 F.Supp. 987 (N.D. Cal. 1951) ........................................................ 18

*U.S. v. General Motors Corp.,*
  183 F.Supp. 858 (S.D. N.Y. 1960) ................................................. 16, 17

*United Mine Workers of Am. v. Gibbs,*
  383 U.S. 715 (1966) ............................................................................. 15

*United Truck & Equipment, Inc. v. Curry Supply Co.,*
  2008 WL 4811368 (D. Ariz. 2008) ...................................................... 15

*Von Saher v. Norton Simon Museum of Art at Pasadena,*
  592 F.3d 954 (9th Cir. 2010) .................................................................. 9

**STATUTES**

18 U.S.C. § 1961 .......................................................................................... 12
18 U.S.C. § 1962 .......................................................................................... 12
18 U.S.C. § 1962(a) ..................................................................................... 12
18 U.S.C. § 1962(b) ..................................................................................... 12
18 U.S.C. § 1962(c) .............................................................................. 8, 9, 12
18 U.S.C. § 1962(d) ..................................................................................... 12
28 U.S.C. § 1404 .................................................................................... 16, 18

BEACH LAW GROUP, LLP
500 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE: (805) 388-3100
FACSIMILE: (805) 388-3414

6

28 U.S.C. § 1404(a) ...........................................................................15, 16
28 U.S.C. § 1406(a) ................................................................................15
California Code of Civil Procedure § 340.1 ......................................10, 11
California Code of Civil Procedure § 340.1(d) ......................................11
Title 28 of the United States Code § 1367............................................14, 15

## **RULES**

Federal Rules of Civil Procedure, Rule 12(b)(6)......................................9



MOTION OF DEFENDANT, THE INTERNATIONAL CHRISTIAN CHURCH, INC., TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TRANSFER VENUE

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This action arises out of allegations by the plaintiffs, Roe 6 and Roe 7, of child sexual abuse perpetrated by another minor in Georgia in approximately 2007 or 2008.  The plaintiffs allege that the minor perpetrator was, like the plaintiffs and their family, a member of North River Church of Christ, an alleged "ICOC church" in Marietta, Georgia.  (First Am. Compl., ¶ 112.)  The plaintiffs' parents allegedly spoke of the abuse to church elders, who reportedly did nothing.  (First Am. Compl., ¶¶ 124-130.)

The moving defendant, THE INTERNATIONAL CHRISTIAN CHURCH, INC. ("ICC") is *not* the same entity as ICOC.  The two are separate and distinct entities *and* separate and distinct defendants in this action.  (First Am. Compl., ¶ 11.)  Specifically, the plaintiffs contend that in 2006, defendant Kip McKean "spun off a derivative church," which was ICC "after he was forced out of the ICOC." (First Am. Compl., ¶ 25.)  The plaintiffs allege that "[t]he ICC was registered in California as a nonprofit religious corporation in October 2006.  As of December 2022, the ICC listed 104 affiliate churches on its website."  (First Am. Compl., ¶ 25.)  Accordingly, the plaintiffs' complaint establishes that ICOC and ICC are separate and distinct.

The plaintiffs' First Amended Complaint contains ten causes of action. Notably, only *one* cause of action confers federal jurisdiction over this matter, the plaintiffs' Eighth Cause of Action for Violation of Federal Racketeer Influenced and Corrupt Organization ("RICO") Act 18 U.S.C. § 1962(c).  As will be set forth below, this cause of action must be dismissed as time-barred *and* as it fails to state a claim for relief against ICC.

In addition, because the plaintiffs were Georgia residents at the time their assaults occurred in Georgia by a Georgia assailant, this action should be transferred to Georgia, where Georgia law should be applied to the plaintiffs' claims.  Under

BEACH LAW GROUP, LLP
500 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE: (805) 388-3100
FACSIMILE: (805) 388-3414

MOTION OF DEFENDANT, THE INTERNATIONAL CHRISTIAN CHURCH, INC., TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TRANSFER VENUE

Georgia law, this action as brought by Roe 7, who was allegedly 9 years old in 2008 and 24 years old when the complaint was filed, is fatally time-barred in its entirety. (First Am. Compl., ¶ 9.)  For these reasons, as set forth more fully below, this motion must be granted and this matter dismissed and/or transferred as this Court deems proper.

## II.   THE COURT IS AUTHORIZED TO DISMISS THIS ACTION

Pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), a complaint may properly be attacked on the ground that it fails to state a claim for relief.  A Rule 12(b)(6) motion is designed to test the *legal sufficiency* of the claims asserted in the complaint.  *Strom v. United States,* 641 F.3d 1051, 1067 (9th Cir. 2011). Accordingly, a Rule 12(b)(6) dismissal is proper where the complaint either fails to allege a "cognizable legal theory" or fails to allege sufficient facts "to support a cognizable legal theory."  *Shroyer v. New Cingular Wireless Services, Inc.,* 622 F.3d 1035, 1041 (9th Cir. 2010).

In addition, where the facts and dates alleged in the complaint indicate the claim is barred by the statute of limitations, a motion to dismiss for failure to state a claim lies.  The complaint fails to state a claim because the action is time-barred. *Frame v. City of Arlington,* 657 F.3d 215, 239-240 (5th Cir. 2011); *Von Saher v. Norton Simon Museum of Art at Pasadena,* 592 F.3d 954, 969 (9th Cir. 2010).

## III.   THE PLAINTIFFS' ACTION MAY PROPERLY BE DISMISSED FROM FEDERAL COURT

### A.   The Plaintiffs' Only Federal Claim Is Time-Barred

The plaintiffs' complaint contains only one cause of action tethering this matter to federal court – the Eighth Cause of Action for Violation of Federal Racketeer Influenced and Corrupt Organization ("RICO") Act 18 U.S.C. § 1962(C). (First Am. Compl., ¶¶ 4, 6.)  The allegations set forth in the complaint, however, do not support this claim as brought against the moving defendants.

Principally, this cause of action is fatally time-barred.  The statute of

9

BEACH LAW GROUP, LLP
500 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE: (805) 388-3100
FACSIMILE: (805) 388-3414

limitations for RICO claims is only **four years**.  *Agency Holding Corp. v. Malley-Duff & Associates, Inc.*, 483 U.S. 143 (1987).  As all of the assaults allegedly perpetrated against the plaintiffs in this matter occurred in approximately 2007 and/or 2008, which is *well* past the four-year limitations period, the Eight Cause of Action based on a violation of RICO is time-barred.

According to *Lehman v. Lucom,* 727 F.3d 1326, 1330 (11th Cir. 2013), a RICO action "begins to run 'when the injury was or should have been discovered, regardless of whether or when the injury is discovered to be part of a pattern of racketeering.'  [Citation omitted.]"  As the *Lehman* court also noted, a plaintiff cannot avoid the implications of the statute of limitations "by cherrypicking dates." *Id*. at p. 1332.  Where later injuries are merely **continuations** of injuries that occurred on earlier dates, the earliest date of injury sets the time frame for the statute of limitations.  *Id*. at p. 1334 ["We conclude that none of the injuries in Lehman's complaint are new and independent because all of his alleged injuries are **continuations of injuries that have been accumulating** since before September 2007.  Therefore, Lehman's civil RICO complaint was untimely . . . ."]  (Emphasis added.)

In this action, the plaintiffs plead that they were assaulted in approximately 2008 (or even 2007 as the complaint is somewhat ambiguous as to the dates of the assaults).  Specifically, the complaint pleads:

> On or about September 21, 2008, Plaintiffs' mother was approached by a deacon's wife, Sheila Grubb, also a leader in the ICOC, at a party she was hosting for moms of special needs children.  Sheila said: "one of the boys from across the street is messing with your baby girl.  I saw him this morning at church; he led her behind a door leading into the auditorium.
> (First Am. Compl., ¶ 107.)

Thus, as noted above, the plaintiffs' RICO claim is time-barred as the assaults occurred in approximately 2007-2008.  *Lehman, supra,* 727 F.3d at p. 1330.  While it is true that California Code of Civil Procedure section 340.1 – as referenced in the

BEACH LAW GROUP, LLP
500 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE: (805) 388-3100
FACSIMILE: (805) 388-3414

MOTION OF DEFENDANT, THE INTERNATIONAL CHRISTIAN CHURCH, INC., TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TRANSFER VENUE

plaintiffs' complaint – *does* contain a rather liberal statute of limitations involving sexual assaults of minors, section 340.5 does not and cannot permit carte blanche inclusion of *all* causes of action in a civil complaint where a childhood sexual assault claim is *also* made.  Rather as section 340.1 makes clear, it applies **only** to causes of action for "childhood sexual assault."  Section 340.1(d) defines "childhood sexual assault" as follows:

> "[A]ny act committed against the plaintiff that occurred when the plaintiff was under the age of 18 years and that would have been proscribed by Section 266j of the Penal Code; Section 285 of the Penal Code; paragraph (1) or (2) of subdivision (b), or of subdivision (c), of Section 286 of the Penal Code; subdivision (a) or (b) of Section 288 of the Penal Code; paragraph (1) or (2) of subdivision (b), or of subdivision (c), of Section 287 or of former Section 288a of the Penal Code; subdivision (h), (i), or (j) of Section 289 of the Penal Code; any sexual conduct as defined in paragraph (1) of subdivision (d) of Section 311.4 of the Penal Code; Section 647.6 of the Penal Code; or any prior laws of this state of similar effect at the time the act was committed. . . . ."

Thus, the plain language of section 340.1 establishes that it was not enacted to serve as a "catch-all" and/or to permit the late filing of any and all causes of action where childhood sexual assault is also alleged in the same action.  Because the plaintiffs' RICO cause of action is time-barred, the Eighth Cause of Action must be dismissed.

**B.     The Plaintiffs' Only Federal Claim Fails To State A Claim Against Moving Defendant**

In addition to the foregoing, the complaint does not state facts sufficient to support the RICO cause of action alleged against ICC.  Specifically, the Eighth Cause of Action is insufficiently pleaded and, plainly, *cannot* be pleaded in this action that is, at its core, a personal injury action.  *Berg v. First State Ins. Co.,* 915 F.2d 460 (9th Cir. 1990).

RICO was enacted in 1970 and was designed to prevent and punish

MOTION OF DEFENDANT, THE INTERNATIONAL CHRISTIAN CHURCH, INC., TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TRANSFER VENUE

"racketeering activity."  18 U.S.C. § 1961, *et seq.; Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479 (1985).  18 U.S.C. § 1962 sets forth the activities that are prohibited under RICO and provides, in part:

> (a) It shall be unlawful for any person who has received income derived . . . from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal . . . to use or invest . . . any part of such income . . in acquisition of any interest in . . . any enterprise which is engaged in . . . interstate or foreign commerce. . . . .

Accordingly, section 1962(a) prohibits a person or entity from investing in an interstate enterprise with funds that are derived from a pattern of racketeering activity.  Section 1962(b) similarly prohibits a person or entity from acquiring or maintaining an interest in an interstate enterprise through a pattern of racketeering activity.  Section 1962(c) prohibits a person or entity from conducting an interstate enterprise through a pattern of racketeering activity.  Finally, section 1962(d) prohibits a person or entity from conspiring to violate the afore-identified sections.

Under RICO, the allegedly illegal activity *must* be the proximate cause of the plaintiff's injury.  *Anza v. Ideal Steel Supply Corp.,* 547 U.S. 451 (2006).  Section 1964 establishes a plaintiff's remedies for RICO violations and provides, in part:

> (c) Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee . . . .

Accordingly, to state a valid RICO claim, a plaintiff must allege the following five elements: (1) conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity; and (5) causing injury to the plaintiff's business or property.  *Sedima,* 473 U.S. at p. 496.

Here, the plaintiffs' complaint does not and *cannot* satisfy these requirements as the plaintiffs' action is, at its core, a personal injury action.  As the court in *Berg* made clear: "We follow the Eleventh Circuit and hold that, as a matter of law,

BEACH LAW GROUP, LLP
500 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE: (805) 388-3100
FACSIMILE: (805) 388-3414

MOTION OF DEFENDANT, THE INTERNATIONAL CHRISTIAN CHURCH, INC., TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TRANSFER VENUE

**personal injury, including emotional distress, is not compensable under section 1964(c) of RICO**.  Even if the directors had incurred pecuniary losses from emotional distress, they would not be compensable under RICO."  *Berg, supra,* 915 F.2d at p. 464 (emphasis added).

"Without a harm to a specific business or property interest – a categorical inquiry typically determined by reference to state law – there is no injury to business or property within the meaning of RICO."  *Diaz v. Gates,* 420 F.3d 897 (9th Cir. 2005); *see also Oscar v. Univ. Students Co-Op Ass'n*, 965 F.2d 783, 785 (9th Cir. 1992) ["[P]ersonal injuries are not compensable under RICO."].  Similarly, monetary losses that are "derivatives of . . . emotional distress" are "personal injuries" that do *not* qualify as injuries to business or property under RICO.  *Diaz, supra,* 420 F.3d at p. 900.

Here, the plaintiffs' complaint does not, and cannot, allege concrete financial loss resulting from any alleged RICO violations.  The plaintiffs simply cannot demonstrate that the harm they suffered was *directly* tied to injury to the plaintiffs' businesses or properties.  Rather, their claims involve emotional damages stemming from the personal injuries they allegedly sustained as a result of the assaults allegedly perpetrated against them in Georgia.

Specifically, the plaintiffs' complaint in this action pleads, "[a]s a direct and proximate result of Plaintiffs' abuse, they suffered and continue to suffer a litany of injuries.  Among other injuries, Plaintiffs have experienced and will continue to experience damages, including but not limited to, severe pain and suffering, emotional distress, humiliation, mental anguish, loss of enjoyment of life, loss of educational opportunity, loss of wages, loss of income, and loss of future wages." (First Am. Compl., ¶ 139.)  Accordingly, this action pleads and seeks damages related to the plaintiffs' *personal* injuries, and does not allege harm to the plaintiffs' businesses and/or personal property, as required under RICO.

Furthermore, there are insufficient allegations that any conduct of an

MOTION OF DEFENDANT, THE INTERNATIONAL CHRISTIAN CHURCH, INC., TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TRANSFER VENUE

BEACH LAW GROUP, LLP
500 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE: (805) 388-3100
FACSIMILE: (805) 388-3414

enterprise through a pattern of racketeering on the part of ICC caused harm to the plaintiffs. The complaint pleads: "Members of the Abuse Enterprise maintain a common purpose of extracting money from its members and perpetrating sexual abuse upon minor children under the auspices of liturgical praxis and writings taught by its church ministers worldwide." (First Am. Compl., ¶ 206.) However, the plaintiffs' complaint factually pleads that both plaintiffs, Roe 6 and Roe 7, were sexually assaulted by another minor, not by employees of ICC itself. (First Am. Compl., ¶¶ 107-109.) In fact, there are no factual allegations explaining how ICC was involved in the alleged sexual abuse of the plaintiffs in this matter. (First Am. Compl., ¶¶ 107-139.) Because the plaintiffs' complaint fails to factually plead the elements required for the preservation of a RICO claim, the instant motion is proper and the claim must be dismissed.

As the plaintiffs' *only* federal cause of action – the RICO claim – must be eliminated from this matter, the plaintiffs' complaint should be dismissed. *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343 (1988) and *Ove v. Gwinn,* 264 F.3d 817 (9th Cir. 2001).

## C. <u>Following Dismissal Of Federal Claims, This Federal Action May Be Dismissed</u>

In this matter, the plaintiffs' state law claims are brought before this Court pursuant to Section 1367, Title 28 of the United States Code, and the doctrine of supplemental jurisdiction. (First Am. Compl., ¶ 6.) When federal claims are dismissed from a complaint under Rule 12(b)(6), the federal court may properly dismiss the action. *Carnegie-Mellon, supra,* 484 U.S. at p. 351.

In *Ove, supra,* 264 F.3d at p. 826, the court affirmed: "A court may decline to exercise supplemental jurisdiction over related state-law claims once it has 'dismissed all claims over which it has original jurisdiction.' [Citations omitted.]" *See also Rossi v. Gemma,* 489 F.3d 26 (C.A.1 2007) [holding that as a general rule, the unfavorable disposition of a plaintiff's federal claims at the early stages of

BEACH LAW GROUP, LLP
500 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE: (805) 388-3100
FACSIMILE: (805) 388-3414

litigation will trigger the dismissal of supplemental state-law claims]; *Notz v. Connecticut Commission on Human Rights and Opportunities,* 438 F.Supp.3d 148 (D.Conn. 2020) [court was unwarranted in continuing to exercise supplemental jurisdiction over state claims following the dismissal of sole federal law claim as the state courts were based positioned to address the state claims]; *Somin v. Total Community Management Corp.,* 494 F.Supp.2d 153 (E.D.N.Y. 2007) ["Where, as here, the court has dismissed before trial the only basis for Federal jurisdiction, the court should decline to exercise jurisdiction over the pendent state claims."]; *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 726 (1966).

Further, Section 1367, Title 28 of the United States Code provides in relevant part:

> (c) The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –
> . . .
> (3) the district court has dismissed all claims over which it has original jurisdiction.

Thus, in light of the foregoing, this Court is permitted to dismiss this action in its entirety requiring the plaintiffs to re-file the matter in state court, if they so choose.

## IV.   ALTERNATIVELY, THE PLAINTIFFS' ACTION SHOULD BE TRANSFERRED TO GEORGIA

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

When venue is found to be improper, it is within the court's discretion to dismiss the case or transfer it. *United Truck & Equipment, Inc. v. Curry Supply Co.*, 2008 WL 4811368 (D. Ariz. 2008); see also 28 U.S.C. § 1406(a) ["The district court of a district in which is filed a case laying venue in the wrong division or district,

---

MOTION OF DEFENDANT, THE INTERNATIONAL CHRISTIAN CHURCH, INC., TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TRANSFER VENUE

BEACH LAW GROUP, LLP
500 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE: (805) 388-3100
FACSIMILE: (805) 388-3414

BEACH LAW GROUP, LLP
500 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE: (805) 388-3100
FACSIMILE: (805) 388-3414

shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."]  Further, to transfer a case under section 1404(a), venue must be proper in both the transferor court and the transferee court.

Plaintiffs' complaint plainly establishes that the subject assaults occurred entirely in Georgia, while the plaintiffs and the alleged assailants resided in Georgia. (First Am. Compl., ¶¶ 8-9, 107-112.)  While it is true that the defendant ICC is alleged to do business in California, applicable facts and authorities establish that venue may and must be appropriately transferred.

In *U.S. v. General Motors Corp.,* 183 F.Supp. 858 (S.D. N.Y. 1960), the United States District Court of the Southern District of New York examined the provisions set forth in section 1404 and what facts would be required for a court to appropriately transfer venue.  The court explained:

> Under section 1404(a), the court may transfer an action to a more suitable forum when the plaintiff's choice of forum, although permitted by a venue statute, probably will work a substantial hardship upon the defendant and the witnesses, which hardship cannot be justified by a showing of countervailing convenience or necessity on the plaintiff's part.  The plaintiff may not, by choice of an inconvenient forum, inflict upon the defendant expense and trouble not necessary to plaintiff's own right to pursue his remedy.
>
> *Id*. at p. 860.

The court then went on to identify the principal considerations in deciding a 1404 motion for venue transfer as follows: "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses; costs of obtaining attendance of witnesses; possibility of a view, if appropriate; and all other practical problems that would make the trial of a case easy, expeditious and inexpensive." *Id*. at p. 861.

In *General Motors*, the court determined that venue could be appropriately transferred to Cleveland because the defendant contended that at trial it would rely "almost entirely on the testimony of a number of important Euclid executives, and

16

on data, documents, records, drawings and demonstrative evidence located at the Euclid Division plants and offices in and around Cleveland." *Id.* at p. 861.

Here, the plaintiffs' complaint establishes that the assaults took place in Georgia, many witnesses identified in the complaint were residents of Georgia at relevant times, the minor assailant was a resident of Georgia, and the local church herein at issue, North River ICOC, is and/or was at relevant times located in Marietta, Georgia.  (First Am. Compl., ¶¶ 107-136.)  All of the evidence that will be offered at the time of trial is located in Georgia.  Furthermore, as noted briefly above, given the allegations of the plaintiffs' complaint, there are many witnesses to the plaintiffs' assaults – including other church members, the assailants' parents, church elders, the plaintiffs' family members and friends, friends of the alleged assailants, etc. –that will be called to testify at trial and deposition in this matter. These individuals are located in Georgia.  Not only will it be a hardship for them to repeatedly travel to California to testify in this matter, but if the defendant is required to obtain subpoenas to compel the attendance of these witnesses at trial and/or deposition, the defendant will need to go through Georgia courts to obtain subpoenas to compel testimony.  This will be easier and faster if the entire action is transferred to Georgia.

The *General Motors* court faced similar issues and ultimately determined that for the convenience of witnesses, venue should be transferred.  In reaching this decision, the court explained:

> If the trial is held in Cleveland, the Euclid executives can perform their regular duties except when actually testifying or preparing testimony.  They need not neglect their regular duties for an entire day, or lose time waiting to testify, awaiting recall to the stand, or awaiting the settlement of procedural matters among the attorneys and the court.

*Id*. at p. 861.

The court further concluded that while the plaintiff's choice of forum must be taken into consideration, it "cannot be the controlling consideration."  *Id*. at p. 862.

MOTION OF DEFENDANT, THE INTERNATIONAL CHRISTIAN CHURCH, INC., TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TRANSFER VENUE

BEACH LAW GROUP, LLP
500 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93030
TELEPHONE: (805) 388-3100
FACSIMILE: (805) 388-3414

1    Furthermore, numerous published decisions stand for the proposition that the
2   locus of operative facts must be weighed heavily when assessing transfer under
3   section 1404 and the location of the primary incident complained of is a good
4   indicator of where a case should be venued.  *Osgood v. Discount Auto Parts, LLC,*
5   981 F.Supp.2d 1259 (S.D. Fla. 2013); *Lynch v. Vanderhoef Builders,* 237 F.Supp.2d
6   615 (D.Md. 2002) [transfer to state in which accident occurred deemed appropriate
7   in personal injury action]; *Hernandez v. Graebel Van Lines,* 761 F.Supp. 983 (E.D.
8   N.Y. 1991) [fact that rear-end collision occurred on Florida highway favored
9   transfer of venue to Florida]; *Tankel v. Seiberling Rubber Co.,* 95 F.Supp. 987 (N.D.
10  Cal. 1951) [action to recover damages against tire manufacturer was appropriately
11  transferred from California where the tire was manufactured to Texas where the
12  alleged incident took place and the witnesses resided].

13   Similarly, as will be outlined in more detail below, as the plaintiffs allege that
14  they were assaulted in Georgia while Georgia residents *by* a Georgia resident while
15  attending a Georgia church, Georgia law must be applied to this matter.  It makes far
16  more sense for a Georgia court, rather than a California court, to analyze and apply
17  Georgia law.

18   Accordingly, the defendant requests that this Court transfer this matter to the
19  District Court of Georgia.  Such a transfer will ensure that pre-trial and trial
20  procedures are conducted easily and quickly, a transfer will ensure that witnesses
21  are not inconvenienced, and a transfer will ensure that the defendant can offer all
22  necessary and available evidence at trial in support of its defenses.

23  **V.   THE ACTION OF PLAINTIFF ROE 7 SHOULD BE DISMISSED AS**
24  **IT IS TIME-BARRED UNDER GEORGIA LAW**

25  **A.   The Action Of Roe 7 Is Time-Barred Under Applicable Georgia**
26  **Law**

27   The plaintiffs allege that they were abused in approximately 2007 or 2008
28  when Roe 6 was 5 years old and Roe 7 was 9 years old.

BEACH LAW GROUP, LLP
500 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE: (805) 388-3100
FACSIMILE: (805) 388-3414

18

BEACH LAW GROUP, LLP
500 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE: (805) 388-3100
FACSIMILE: (805) 388-3414

Georgia's statute of limitations for civil actions arising out of childhood sexual abuse is codified in Georgia Annotated Code section 9-3-33.1.  This section was enacted in 1992 and, until June 30, 2015, when it was amended, read, in part:

> (b) Any civil action for recovery of damages suffered as a result of childhood sexual abuse shall be commenced within **five years of the date the plaintiff attains the age of majority**.[1]
> (Emphasis added.)

The plaintiffs' complaint notably does not include the dates on which the plaintiffs were born.  However, the complaint pleads that Roe 6 was 5 years old in 2008, and Roe 7 was 9 years old in 2008.  (First Am. Compl., ¶¶ 107-110.)  Thus, when the plaintiffs' complaint was filed on February 9, 2023, Roe 6 would have been 19 years old, while Roe 7 would have been 24 years old.  (First Am. Compl., ¶ 8.)

Under Georgia's law, as it existed when the plaintiffs were allegedly assaulted and their causes of action accrued, Roe 7 would only have had until she was 23 years old to file her complaint.  *See Doe v. Roman Catholic Archbishop of Los Angeles,* 247 Cal.App.4th 953, 961-962 (2016) ["What matters is not what the limitations period is *now* . . ., but what it was at the time the plaintiffs' claims against the [defendant] accrued.  We focus on the statute in effect at the time of accrual because subsequent amendments to the limitations period, like all statutory amendments, are presumptively prospective in effect."]; *see also Quarry v. Doe 1,* 53 Cal.4th 945 (2012).  Because she did not file it within this time frame, her action is fatally time-barred under the controlling law.  *Quarry, supra,* 53 Cal.4th 945; *Roman Catholic Archbishop, supra,* 247 Cal.App.4th at pp. 961-962.
///

---

[1] Notably, section 9-3-33.1 as it is enacted today (and has been effective since 2015), also requires the plaintiff to file a civil lawsuit "on or before the date the plaintiff attains the age of 23 years."

MOTION OF DEFENDANT, THE INTERNATIONAL CHRISTIAN CHURCH, INC., TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TRANSFER VENUE

BEACH LAW GROUP, LLP
500 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE: (805) 388-3100
FACSIMILE: (805) 388-3414

**B.**     <u>**Georgia Law Should Be Applied To This Action**</u>

Although ICC is allegedly incorporated in California, Georgia law should be controlling in this matter as the plaintiffs were *both* residents of Georgia at relevant times and the assaults in question took place in Georgia.  (First Am. Compl., ¶¶ 8-9, 107-109.)

As was explained by the court in *Ashland Chemical Co. v. Provence* (1982) 129 Cal.App.3d 790, 793, in determining which state's law to apply, the courts "examine the policies underlying the competing laws of the involved states to determine which states are 'interested' in having their laws applied to the issues in question."

Thus, where two states have significant interests in having their laws applied to an action and those interests are in conflict – as California and Georgia are here – the court must assess the comparative impairment of each state's policies.  The law ultimately applied will be that of the state whose policies would suffer most were a different state's law applied.  *Hurtado v. Superior Court,* 11 Cal.3d 574, 581 (Cal. 1974); *Offshore Rental Co. v. Continental Oil Co.,* 22 Cal.3d 157 (Cal. 1978).

Here, because the incidents complained of all took place in Georgia and because the plaintiffs were Georgia residents at the time of the assaults, Georgia has an interest in having its laws applied to the issues in question.

The court in *McCann v. Foster Wheeler, LLC* (2010) 48 Cal.4th 68, in examining the statutes of limitations of California and Oklahoma.  The court explained that:

> [I]n cases in which a California resident is injured by a defendant's conduct occurred in another state, past California choice-of-law decisions generally hold that when the law of the other state limits or denies liability for the conduct engaged in by the defendant **in its territory**, that state's interest is predominant, and California's legitimate interest in providing a remedy for, or in facilitating recovery by, a current California resident properly must be subordinated because of this state's diminished authority over activity that occurs in another state.
> *Id.* at pp. 100-101.

20

MOTION OF DEFENDANT, THE INTERNATIONAL CHRISTIAN CHURCH, INC., TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TRANSFER VENUE

BEACH LAW GROUP, LLP
500 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE: (805) 388-3100
FACSIMILE: (805) 388-3414

In the case of *In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation,* 785 F.Supp.2d 925 (C.D. Cal. 2011), the court determined that though the defendant was a California corporation, the application of California law on a nationwide basis was not warranted in the case's multidistrict litigation against Toyota to recover damages caused by defects to some vehicles.  The court explained that "the Supreme Court has recognized the danger of permitting a plaintiff to choose the controlling law by virtue of his choice of where to file." *Id.* at pp. 928-929.  Ultimately, the court concluded "the Court cannot permit the selection of the Moving Plaintiffs here to dictate the conclusion regarding which state's substantive law should apply, especially when such application both disregards the possibility of eventual return of the individual cases to their home states and requires the sacrifice of certain substantive rights of Toyota." *Id.* at pp. 935-936.

This sentiment was also expressed by the court in *Cooper v. Tokyo Electric Power Company, Inc.,* 2019 WL 1017266 (S.D. Cal. 2019), in which the court affirmed: "**California has no interest . . . in ensuring compensation for plaintiffs who neither are California residents nor injured in California**." *Id.* at p. 6 (emphasis added).  The court further noted that "[a]lthough California has an interest in ensuring compensation for the Plaintiffs residing in California, this interest does not extend to the other, non-resident Plaintiffs." *Id.*

Similarly, in *McCann,* the court examined the importance of the location of the injury noting that the state in which an injury occurs has a "predominant interest" in regulating conduct occurring within its borders and an interest "in being able to assure individuals and commercial entities operating within its territory that applicable limitations on liability set forth in the jurisdiction's law **will be available to those individuals and businesses in the event they are faced with litigation in the future**." *McCann, supra,* 48 Cal.4th at p. 97 (emphasis added).

///

In *Nesladek v. Ford Motor Co.,* 46 F.3d 734 (8th Cir. 1995), the 8th Circuit Court of Appeal affirmed summary judgment in favor of a truck manufacturer, holding that the plaintiff's wrongful death suit was subject to Nebraska statute of repose in a products liability case because the death occurred in Nebraska, rather than the forum state of Minnesota.  The court explained that "**Nebraska is the state in which almost all of the events that gave rise to this lawsuit occurred.  In contrast, Minnesota has only the remotest connection with the subject matter of the case.**" *Id*. at p. 739 (emphasis added).

Similarly, in the case of *Bass v. World Wrestling Fed'n Entm't,* 129 F.Supp.2d 491, 504 (N.Y. E.D. 2001), the court explained that when looking at which state "has the prevailing interest," "[i]n tort-like causes of action, this inquiry focuses on the **locus of the conduct giving rise to the action, rather than the domiciles of the parties**." *Id.* (Emphasis added.)  The court further emphasized that "the jurisdiction in which the incidents primarily occurred will have a 'predominant, if not exclusive, concern' [Citation omitted.]" *Id*.  In *Bass,* the plaintiff, a female wrestler, alleged that she was sexually harassed and assaulted by employees of the defendant's corporation.  The court ultimately applied the law of New York because "many of the acts alleged to have occurred," occurred in New York. *Id*. at p. 505.

Finally, in *Kearney v. Salomon Smith Barney, Inc.,* 137 P.3d 914 (Cal. 2006), the complaint alleged that a Georgia-based company had a continued practice of recording telephone conversations made to California callers without the callers' knowledge and/or consent.  The clients, who resided in California when their calls were recorded, sought the application of California law to their claims, even though the company operated out of Georgia.  The court ultimately applied California law "to those telephone calls that are made to or received from California." *Id*. at p. 936.

As is set forth above, the only connection to California regarding the plaintiffs and ICC is that ICC is alleged to be based in California.  The plaintiffs resided in Georgia at all relevant times and the incidents complained of in the plaintiffs'

MOTION OF DEFENDANT, THE INTERNATIONAL CHRISTIAN CHURCH, INC., TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TRANSFER VENUE

operative pleading all occurred in Georgia.  Thus, because Georgia has the prevailing interest in this matter, Georgia law must be applied to this action, thus barring the action of Roe 7.

**VI.   <u>CONCLUSION</u>**

For the reasons set forth above, defendant, THE INTERNATIONAL CHRISTIAN CHURCH, INC., respectfully requests that this Court dismiss the complaint on file in this action, dismiss the action of Roe 7, specifically, or, alternatively, transfer venue of this matter to the District Court of Georgia.

Dated: June 30, 2023          BEACH LAW GROUP, LLP


By:      /s/ Molly Loy
Thomas E. Beach
Sueanne D. Chadbourne
Molly Loy
Attorneys for Defendant,
THE INTERNATIONAL CHRISTIAN
CHURCH, INC.

BEACH LAW GROUP, LLP
500 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE: (805) 388-3100
FACSIMILE: (805) 388-3414

MOTION OF DEFENDANT, THE INTERNATIONAL CHRISTIAN CHURCH, INC., TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TRANSFER VENUE

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF VENTURA

     I am employed in the County of Ventura, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 500 E. Esplanade Drive, Suite 1400, Oxnard, California  93036.

     On the date set forth below, I served the foregoing document described as: **NOTICE OF MOTION AND MOTION OF DEFENDANT, THE INTERNATIONAL CHRISTIAN CHURCH, INC., TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(B)(6) OR, IN THE ALTERNATIVE, TRANSFER VENUE TO THE DISTRICT COURT OF GEORGIA PURSUANT TO 28 U.S.C. §1404(A); MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action as follows:

<u>SEE ATTACHED SERVICE LIST</u>

☐    **(BY FIRST CLASS MAIL)**  I placed the above-named document in an envelope and caused such envelope with postage thereon fully prepaid to be placed for mailing with the United States Postal Service at Oxnard, California.  I am "readily familiar" with the firm's practice for collection and processing of correspondence for mailing.  It is deposited with the United States Postal Service on that same day in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing contained in affidavit.

☐    **(BY OVERNIGHT CARRIER)**  I placed the above-named document in an envelope or package designated by **[Federal Express/General Logistics Systems (GLS)/Express Mail]** ("express service carrier") addressed to the parties listed on the service list herein, and caused such envelope with delivery fees paid or provided for to be deposited in a box maintained by the express service carrier.  I am "readily familiar" with the firm's practice of collection and processing of correspondence and other documents for delivery by the express service carrier.  It is deposited in a box maintained by the express service carrier on that same day in the ordinary course of business.

☒    **(BY ELECTRONIC SERVICE)**  I served the above-named document electronically on the parties listed on the service list herein via a Notice of Electronic Filing automatically generated by the CM/ECF System.

☒    **(Federal)**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  I declare under penalty of perjury that the foregoing is true and correct.

     Executed on June 30, 2023, at Oxnard, California.


                              _/s/ Esperanza Morales_____
                              Esperanza Morales

BEACH LAW GROUP, LLP
500 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE: (805) 388-3100
FACSIMILE: (805) 388-3414

**SERVICE LIST**
*Jane Roe 6 v. International Churches of Christ, Inc. et al.*
*United States District Court Case No. 2:23-cv-00999*

**ATTORNEYS FOR PLAINTIFFS**
Bobby Samini, Esq.
Michael Katz, Esq.
Steve Baric, Esq.
Nicole Prado, Esq.
John S. Oney IV, Esq.
Samini Baric Katz LLP
650 Town Center Drive, Suite 1500
Costa Mesa, CA  92626
Phone:  (949) 724-0900
Fax:      (949) 724-0901
bobby.samini@sbklawyers.com
michael.katz@sbklawyers.com
steve.baric@sbklawyers.com
nicole.prado@sbklawyers.com
john.oney@sbklawyers.com

**ATTORNEYS FOR DEFENDANT, HOPE WORLDWIDE, LTD.**
Andrew J. Waxler, Esq.
John T. Lupton, Esq.
Madeleina Halley, Esq.
Tad A. Devlin, Esq.
Aimee G. Hamoy, Esq.
Kaufman Dolowich & Voluck LLP
21515 Hawthorne Boulevard, Suite 450
Torrance, CA  90503
Phone:  (310) 540-2000
Fax:      (310) 550-6609
awaxler@kdvlaw.com
jlupton@kdvlaw.com
mhalley@kdvlaw.com
tdevlin@kdvlaw.com
ahamoy@kdvlaw.com

**ATTORNEYS FOR DEFENDANT, NORTH RIVER CHURCH OF CHRIST**
Eugene J. Egan, Esq.
James A. Harris, Esq.
Manning & Kass
Ellrod, Ramirez, Trester LLP
801 S. Figueroa Street, 15th Floor
Los Angeles, CA  90017-3012
Phone:  (213) 624-6900
Fax:      (213) 624-6999
gene.egan@manningkass.com
jimmy.harris@manningkass.com

BEACH LAW GROUP, LLP
500 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE: (805) 388-3100
FACSIMILE: (805) 388-3414

1 **ATTORNEYS FOR DEFENDANTS, ALBERTO SCHIRMER AND ANNA**
**MARIA SCHIRMER**

2 Alan K. Brubaker, Esq.
Ian R. Friedman, Esq.

3 Wingert Grebing Brubaker & Juskie LLP
2 Columbia Place

4 1230 Columbia Street, Suite 400
San Diego, CA  92101

5 Phone:  (619) 232-8151
Fax:      (619) 232-4665

6 abrubaker@wingertlaw.com

7 ifriedman@wingertlaw.com
tneuhoff@wingertlaw.com

8 **ATTORNEYS FOR DEFENDANT, AL BAIRD**

9 Byron J. McLain, Esq.
Savannah Levin, Esq.

10 Foley and Lardner LLP

11 555 South Flower Street, Suite 3300
Los Angeles, CA  90071

12 Phone:  (213) 972-4500
Fax:      (213) 486-0065

13 bmclain@foley.com
slevin@foley.com

14

15 David J. Jordan, Esq.
*(pro hac vice app forthcoming)*

16 Jordan C. Bledsoe, Esq.
*(pro hac vice app forthcoming)*

17 Foley and Lardner LLP
95 South State Street, Suite 2500

18 Salt Lake City, UT  84111
Phone:  (801) 401-8900

19 Fax:      (385) 799-7576
djordan@foley.com

20 jordan.bledsoe@foley.com

21

22

23

24

25

26

27

28

BEACH LAW GROUP, LLP
500 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE: (805) 388-3100
FACSIMILE: (805) 388-3414